[No. E025653. Fourth Dist., Div. Two. Apr. 6, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICIA HAGEN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2. and 3.

**COUNSEL**

William Flenniken, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gary W. Brozio and Peter W. Dodge, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McKINSTER, J.**—A jury convicted defendant of grand theft (Pen. Code, § 487, subd. (a)) (count I) and three counts of filing a false tax return (Rev. & Tax. Code, former § 19405, subd. (a)(1)) (counts II, III & IV). The jury also found true an allegation that the property taken exceeded $100,000.

(Pen. Code, § 12022.6, subd. (b).) At defendant's initial sentencing on August 14, 1995, the trial court sentenced defendant to a total of seven years as follows: the upper term of three years on count I, two consecutive years for the great taking enhancement, and a consecutive term of eight months on each of the three false tax return counts. The trial court also ordered defendant to pay the victim restitution of $178,699.70.

Defendant and her codefendant husband appealed to this court unsuccessfully in case No. E016805.[1] On May 15, 1998, defendant began serving her sentence. On August 9, 1999, after receiving a letter from the Department of Corrections dated March 18, 1999, the trial court resentenced defendant to the same total of seven years, this time as follows: the upper term of three years on count I, one consecutive year for the great taking enhancement, a consecutive indeterminate three-year term on count II, and two indeterminate terms of three years on counts III and IV, to be concurrent with the term on count II.

On appeal, defendant contends: (1) the indeterminate three-year sentences imposed on counts II, III and IV were illegal because Penal Code section 1168 requires a determinate sentence of 16 months, two years, or three years; and (2) the trial court improperly used the same sentencing factors to impose a consecutive sentence on count II that it used to impose the upper term on count I, and this error was prejudicial. In response, the People contend that the one-year sentence for the great taking enhancement is unauthorized by law because only a two-year sentence was authorized by law.

## STATEMENT OF FACTS

Defendant was the office manager of an insurance agency.[2] As part of her ordinary duties, defendant made weekly deposits of cash received from clients into the agency's trust account and recorded the amount of cash so deposited. In June of 1990, the owner and operator of the insurance agency noticed a discrepancy between recent revenues and bank deposits. He then compared the agency's records of cash receipts against the records of cash bank deposits. The owner discovered that in 1988 approximately $64,000 more in cash was received than was deposited, in 1989 about $57,000 more and, through June 30, 1990, about $12,000 more. A certified public accountant who later reviewed the agency's records testified that a total of about $130,000 in cash receipts had not been deposited.

---

[1] *People v. Hagen* (July 23, 1997, E016805) (nonpub. opn.).

[2] This recitation of the facts is condensed from the California Supreme Court decision relating to defendant's husband and codefendant, Johnny Hagen. (*People v. Hagen* (1998) 19 Cal.4th 652, 656-658 [80 Cal.Rptr.2d 24, 967 P.2d 563].)

On their state and federal tax returns, defendant and her husband reported income of $55,238 in 1988, $56,673 in 1989, and $64,573 in 1990.

DISCUSSION

1. *Revenue and Taxation Code Former Section 19405[3] Prescribed an Indeterminate Term of Three Years*

■ At the time defendant committed the tax crimes, the version of section 19405, subdivision (a)(1) then in effect provided: "(a) Any person who [files a false tax return] shall be guilty of a felony, and upon conviction, shall be fined not more than twenty thousand dollars ($20,000) or *imprisoned not more than three years*, or both . . . ." (Italics added.)

Effective January 1, 1994, the Legislature repealed section 19405 and replaced it with section 19705. (Stats. 1993, ch. 31, §§ 24, 26, pp. 152, 287-288.) However, the legislation did not change the sentencing provisions that are at issue here.

Penal Code section 1168, subdivision (a) was amended in 1984 to include within the determinate sentencing law crimes "for which only a single term of imprisonment in state prison is specified." (Stats. 1984, ch. 1432, § 8, p. 5027.) Previously, the only crimes included within the determinate sentencing law were those for which three alternate sentence lengths were authorized. All other crimes are within the indeterminate sentencing law. (Pen. Code, § 1168, subd. (b).) Defendant contends that the language "not more than three years" in former section 19405 and section 19705 is a single term of imprisonment under Penal Code section 1168, subdivision (a), and thus brings counts II, III and IV within the determinate sentencing law. The implication of this contention is that defendant should serve a total of two years for the tax fraud charges instead of three years.[4]

Neither party has cited, nor has our research revealed, any case law directly addressing whether a sentence under former section 19405 is determinate or indeterminate. As respondent points out, neither does defendant point to other statutes with similar "not more than" language that indicate a

---

[3]All further statutory references are to the Revenue and Taxation Code unless otherwise indicated.

[4]The two-year term would consist of three consecutive eight-month terms (one-third the presumptive midterm of two years in a 16-month, two-year or three-year scheme), as reflected in defendant's original sentence. (Pen. Code, §§ 1170, 1170.1.)

determinate sentence. Conversely, the People list a number of statutes prescribing " 'lesser' indeterminate non-life sentences [using former section 19405's 'not more than' language] that the Legislature has kept under the indeterminate sentence law," as explained in California Judges Benchbook Criminal Posttrial Proceedings. This benchbook briefly refers to Civil Code former section 1916-3, subdivision (b) ("not more than five years") as an example of "[c]ertain other lesser crimes in other codes [that] still retain the language of indeterminate sentencing, and defendants convicted of these felonies must be sentenced under Pen C § 1168(b)." (Cal. Judges Benchbook: Criminal Posttrial Proceedings (CJER 1991) Felony Sentencing, § 2.14, p. 36.)

As a matter of plain language, we simply do not see how "not more than three years" is a specified "single term of imprisonment" under Penal Code section 1168, subdivision (a). Rather, a specified single term of imprisonment would be merely "three years."

Further, Penal Code section 1168, subdivision (b) provides, "For any person not sentenced under such provision [section 1168, subd. (a)], but who is sentenced to be imprisoned in the state prison, *including imprisonment not exceeding one year and one day*, the court imposing the sentence shall not fix the term or duration of the period of imprisonment." (Italics added.) In our view, if crimes punished by imprisonment "not exceeding one year and one day" fall outside Penal Code section 1168, subdivision (a), then so too must crimes punished by the similarly worded "imprisoned not more than three years."

We also note the following examples of indeterminate sentences under the pre-1977 Determinate Sentencing Act of 1976 and the similarity of their language to that of former section 19405's "not more than three years": Penal Code section 193—"not exceeding 15 years"—and Penal Code section 245, subdivision (a)—"not exceeding 10 years."

For these reasons, we conclude that former section 19405 prescribed an indeterminate rather than a determinate sentence and thus the trial court properly sentenced defendant to indeterminate three-year sentences on counts II, III and IV.

2., 3.*

. . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 378.

## DISPOSITION

The judgment of the trial court is affirmed.

Hollenhorst, Acting P. J., and Richli, J., concurred.